NOT FOR PUBLICATION                    [Docket Nos. 22 & 24]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| CHRISTINE MEALE,<br><br>              Plaintiff,<br><br>      v.<br><br>CITY OF EGG HARBOR CITY, POLICE OFFICER STEVEN HADLEY, and POLICE OFFICER CHRISTOPHER HOFFMAN, et al.,<br><br>              Defendants. | Civil No. 14-5860 RMB/JS<br><br>**OPINION** |

APPEARANCES:

Jennifer Bonjean
Bonjean Law Group, PLLC
1000 Dean Street
Suite 345
Brooklyn, NY 11238
      Attorney for Plaintiff

John Bowens
Schenck, Price, Smith & King LLP
200 Park Ave. P.O. Box 991
Florham Park, NJ 07932
      Attorneys for Defendant Officer Steven Hadley

Steven Berlin
Vincent Avery
Gordon & Rees, LLP
90 Broad Street
23rd Floor
New York, NY 10004
      Attorneys for Defendants City of Egg Harbor City and Officer
      Christopher Hoffman

**BUMB**, United States District Judge:

This matter comes before the Court upon two motions to dismiss filed by the respective Defendants, City of Egg Harbor City and Egg Harbor City Police Officer Christopher Hoffman ("Egg Harbor Defendants") [Docket No. 22] and Egg Harbor City Police Officer Steven Hadley [Docket No. 24] ("Hadley"). For the reasons set forth below, Defendants' motions shall be granted.

## I.   Background[1]

Pursuant to her Complaint, Plaintiff, Christine Meale ("Plaintiff"), alleges that "[o]n January 15, 2013, [she] was forced into a five-month nightmare where she was the victim of repeated sexual assault and emotional torment at the hands of disgraced Egg Harbor City police officer Steven Hadley." Complaint at ¶ 1.  While many of the lurid details contained in the Complaint need not be reviewed here as they are not at issue (the Defendants have not moved to dismiss Counts I or II for constitutional violations under 42 U.S.C. § 1983), Plaintiff has alleged that, in exchange for having any potential criminal drug charges against her dropped, she agreed to act as a confidential

---

[1] This Court will accept the Plaintiff's well-pled allegations as true for purposes of this motion to dismiss.  <u>See Bistrian v. Levi</u>, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

2

informant for Officer Hadley, but the relationship resulted in
Hadley coercing Plaintiff into sexual acts and sexually abusing
her.  Id. at ¶ 4.  Plaintiff also alleges that, during an initial
traffic stop, Officer Hoffman conducted an "intrusive and
unlawful search" of her that included fondling. Id. at ¶¶ 23-24.
Plaintiff also states that on one occasion, Hadley stated to her
"you know, this will all go away if you just give me a little,"
which was overhead by Hoffman.  Id. at ¶ 32.

After eventually pleading guilty to possession of controlled
dangerous substances, Plaintiff "spoke with a prosecutor from the
Atlantic County Prosecutor's office, who was investigating
official misconduct committed by . . . Hadley."  Id. at ¶ 55.
Hadley was criminally charged with official misconduct related to
his interactions with Plaintiff.  Id. at ¶ 56.  With respect to
Egg Harbor, the Plaintiff contends that "several women complained
to either Egg Harbor police department personnel, the Atlantic
County Prosecutor's office, or other individuals in a supervisory
capacity about . . . Hadley's misconduct and abuse of power,
including his pattern of demanding sexual favors from women in
vulnerable situations." Id. at ¶ 59.  Finally, the Plaintiff
alleges that all Defendants "conspired to violate the civil

3

rights of Plaintiff by targeting her for unwarranted violence . .

. ." <u>Id.</u> at ¶ 72.

Based on the above allegations, Plaintiff has asserted a

Five Count Complaint against the Defendants as follows:

- Count I: Against Defendants Hoffman, Hadley, and Unknown Officers pursuant to 42 U.S.C. § 1983 for alleged Fourth, Eighth and Fourteenth Amendment violations;
- Count II: Against Egg Harbor City for Constitutional Violations (<u>i.e.</u>, a <u>Monell</u> claim);
- Count III: State Law Torts Against Hoffman, Hadley and Unknown Officers (including, <u>inter alia</u>, assault, battery, trespass, false arrest, conspiracy, slander and negligent infliction of emotional distress and intentional infliction of emotional distress);
- Count IV: Conspiracy to Violate Civil Rights against all Defendants; and
- Count V: Punitive Damages against Hadley, Hoffman and Unknown Officers.

The Defendants have moved to dismiss Counts III, IV and V of

the Complaint.[2]


## II.  Standard

To withstand a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is

_____

[2] To the extent Defendant Hadley seeks to have Count II dismissed as to him, that motion is moot as the Plaintiff has clarified that Count II only alleges a <u>Monell</u> claim against the municipality of Egg Harbor City.  Docket No. 31 at n. 1.

plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 663.  "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss.  <u>Id.</u> at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." <u>Bistrian v. Levi</u>, 696 F.3d 352 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38

F.3d 1380, 1384 n.2 (3d Cir. 1994)(citing <u>Chester County</u>
<u>Intermediate Unit v. Pennsylvania Blue Shield,</u> 896 F.2d 808, 812
(3d Cir. 1990)).


**III. Analysis**

    a) <u>New Jersey Tort Claims Act Notice</u>

    Both sets of Defendants have moved to dismiss all tort
claims asserted in Count III, citing Plaintiff's failure to
satisfy the requirements of the New Jersey Tort Claims Act
("NJTCA"), N.J.S.A. § 59:8-3, which states: "No action shall be
brought against a public entity or public employee under this act
unless the claim upon which it is based shall have been presented
in accordance with the procedure set forth in this chapter."
The Court agrees that, based on the allegations on the face of
the Complaint, she has failed to comply with the provisions of
the NJTCA. A court may grant a defendant's Rule 12(b)(6) motion
to dismiss with respect to failure to comply with the NJTCA's
notice requirements.  See <u>e.g.</u>, <u>Bellocchio v. N.J. Dep't of</u>
<u>Envtl. Prot.</u>, 16 F. Supp. 3d 367, 381 n.20 (D.N.J. 2014)("The
Court finds Plaintiffs' pleadings insufficient to establish
actual or substantial compliance with the TCA's notice
requirements for causes of action against public entities."),

aff'd 2015 U.S. App. LEXIS 4909 (3d Cir. N.J., Mar. 26, 2015);

Garlanger v. Verbeke, 223 F. Supp. 2d 596, 602 (D.N.J. 2002).

As an initial matter, for the NJTCA's notice-of-claim

requirements to apply, there must be "some nexus between the

wrong that is complained of and the defendant's public

employment." Mawhinney, 2010 U.S. Dist. LEXIS 62439 at *18, *22

(citing Gazzillo v. S. Hunterdon Reg. Bd. of Educ., 398 N.J.

Super. 259, 941 A.2d 641 (N.J. App. Div. 2008)).  There is no

dispute here that the alleged misconduct occurred pursuant to

Defendants' role as Egg Harbor City Police Officers.  Next, under

the NJTCA, a plaintiff must file her claim with the public entity

within 90 days or be barred from recovering damages from a public

entity.  N.J.S.A. § 59:8-8.  The 90 requirement achieves several

goals:

    1) It gives the public entity time to review the claim and
       promptly investigate the facts and prepare a defense;
    2) It provides the public entity an opportunity to settle
       meritorious claims before bringing suit;
    3) It grants the public entity an opportunity to correct the
       conditions with give rise to the claim; and
    4) It allows time to inform the state in advance as to the
       expected liability

Velez v. City of Jersey City, 180 N.J. 284, 293, 850 A.2d

1238 (2004).

7

The NJTCA sets forth the procedures a claimant must follow before bringing a tort claim against a "local public entity." N.J. Stat. Ann. § 59:1-1 et seq. The notice must be presented in writing and include:

> (1) the name and address of the claimant, (2) the address to which the notice will be sent, (3) the "date, place and other circumstances of the occurrence or transaction" giving rise to the claim, (4) a description of the injury, damage or loss incurred, (5) the name or names of the public entity, employee or employees causing the injury, (6) the amount of damages claimed, and (7) the signature of the claimant.

§§ 59:8-4, 59:8-5; Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 293 (D.N.J. 2012).  A plaintiff must comply with the NJTCA's filing requirements in both non-intentional and intentional tort actions. Velez, 180 N.J. at 292-93, 850 A.2d 1238 (citing Bonitsis v. N.J. Inst. Of Tech., 363 N.J. Super. 505, 519-521, 833 A.2d 679 (App. Div. 2003) (rev'd on other grounds, 180 N.J. 450, 852 A.2d 188 (2004))).

The NJTCA offers an exception to the time for filing the notice due to extraordinary circumstances:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a

late notice of claim shall be made upon motion supported by
affidavits based upon personal knowledge of the affiant
showing sufficient reasons constituting extraordinary
circumstances for his failure to file notice of claim within
the period of time prescribed by section 59:8-8 of this act
or to file a motion seeking leave to file a late notice of
claim within a reasonable time thereafter . . . .

N.J.S.A. § 59:8-9.

There is also another exception that has developed under the
NJTCA, the doctrine of substantial compliance.  The equitable
doctrine of substantial compliance prevents the barring of
legitimate claims due to technical defects.  Ewing v. Cumberland
County, No. 09-5432, 2015 U.S. Dist. LEXIS 37543, at * 60 (D.N.J.
Mar. 25, 2015)(citing Labron v. Sanchez, 407 N.J. Super. 204, 970
A.2d 399, 406 (N.J. App. Div. 2009); Henderson v. Herman, 373
N.J. Super. 625 (N.J. App. Div. 2004).  In other words, technical
notice defects will not defeat a valid claim as long as the
notice that has been given "substantially satisfies the purpose
for which the notices of claims are required."  Lebron, 970 A.2d
at 405-06.

Per her Complaint, the conduct giving rise to Plaintiff's
claim took place between January 15, 2013 and May 2013.  See
Compl. at ¶¶ 45-47 & 56.  Hence, the time by which Plaintiff
should have filed her notice of claim, absent extraordinary

9

circumstances, expired in September 2013.  Plaintiff does not

dispute that she failed to file a NJTCA notice as required.

Instead, she argues that this Court should deny the motions to

dismiss at this stage because the Complaint "does not demonstrate

that the notice requirement of the NJTCA was not satisfied."

Pl's Opp. Br. at 3.  Plaintiff advances three arguments, none of

which go to the issue of whether Plaintiff adequately pled

compliance with the NJTCA.  She argues:

- Under the NJTCA, a public employee is not immune where he engages in conduct that "constituted a crime, actual fraud, actual malice or willful misconduct."  N.J.S.A. 59-3-14;
- The Officers and the City were on notice of Hadley and Hoffman's criminal conduct and, therefore, Plaintiff substantially complied with the NJTCA;
- There is an outstanding issue of when, exactly, Plaintiff's state tort claims accrued.

    i)   <u>Willful Misconduct</u>

With respect to willful misconduct, Plaintiff argues that

the allegations against both Hadley and Hoffman constitute

criminal behavior exempt from the NJTCA; Hadley was charged

criminally for sexual misconduct, and Plaintiff alleges that

Hadley coerced her into sexual acts and forced her to purchase

narcotics.  With respect to Hoffman, Plaintiff points to her

allegations that he sexually assaulted her by touching her

10

inappropriately during a search, which constitutes the crime of sexual assault. Such outrageous conduct, Plaintiff argues, is statutorily exempt from public employee immunity. Plaintiff's argument of immunity, however, does not address NJTCA notice non-compliance. Defendants have correctly agreed that the notice provisions of the NJTCA are applicable to intentional torts, including alleged outrageous conduct, as set forth in Velez. See 180 N.J. at 292 ("the notice provisions in the Act apply to causes of action based on the intentional conduct of a public employee."). Thus, while there may be no immunity under the Act for intentional conduct, the Act's notice provisions still apply as a prerequisite to suit for such conduct.

   ii)  Substantial Compliance

   Plaintiff further contends that the doctrine of substantial compliance, which has previously been applied in the NJTCA context, is applicable here because "Plaintiff's complaint suggests that she did comply with the notice requirements since she complained about Defendant Hadley's conduct to the Prosecutor's office and her complaint resulted in a criminal charge . . . ." Pl.'s Br. at 5.

   In response, both Defendants correctly argue that Plaintiff's complaint about the Defendants' behavior to the

Prosecutor's office does not suffice to demonstrate substantial compliance with the NJTCA. "Although the doctrine of substantial compliance has occasionally been applied in the tort claims context, it has been limited carefully to those situations in which notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." D.D. v. University of Medicine and Dentistry of New Jersey, 213 N.J. 130, 159 (2013).  Indeed, when analyzing substantial compliance, the New Jersey Supreme Court has held that "at a very minimum, a notice of claim under the Act must be in writing."  Id.

    In circumstances similar to those presented in the instant matter, courts have held that the doctrine of substantial compliance is inapplicable.  For example, in Ingram v. Twp. Of Deptford, the court found that the plaintiff had not fulfilled the NJTCA notice requirement via substantial compliance where the plaintiff filed a claim for excessive force with the Deptford Township Municipal police department.  911 F. Supp. 2d 289 (D.N.J. 2012).  In Ingram, the Court held that the plaintiff's complaint did not provide an amount of damages claimed, as required by § 59:8-4(f), nor any language suggesting that

12

plaintiff sought civil damages for her injuries.  This lack of information, the court found

> is an additional indication that the statement did not provide sufficient notice of tort claims to the Township or the Township Police. It is difficult to interpret this form as anything other than what it plainly purports to be: a statement in support of possible criminal charges against [defendant]. The filing of this criminal complaint form in municipal court does not constitute substantial compliance with the notice requirements of the NJTCA.

Id. at 295.  The Ingram court went on to note that whether the plaintiff filed the form at issue with the Municipal Court or the Police Department was not material "because it is the nature of what she filed [i.e., a non-compliant NJTCA administrative claim], rather than the place of filing, that dooms [p]laintiff's NJTCA claims herein."  Id. at 295 n.4.

Similarly in Platt v. Gonzalez, No. 09-6136, 2011 U.S. Dist. LEXIS 65115 (D.N.J. June 9, 2011), the court found that a plaintiff had not substantially complied with the NJTCA by filing an "Internal Affairs Complaint" with the Atlantic City Police Department and two "Civilian Complaint Requests" with the Atlantic City Municipal Court, seeking to charge police officers with aggravated assault and excessive force.  The court held that plaintiff's filings "could not be considered a notice pursuant to the [NJ]TCA."  Id. at *13.

13

In a supplemental submission to this Court, Plaintiff relies upon Ewing v. Cumberland County, No. 09-5432, 2015 U.S. Dist. LEXIS 37543 (D.N.J. Mar. 25, 2015) for the proposition that she substantially complied with the NJTCA because she complained about Defendant Hadley's conduct to the Prosecutor's office, which was already investigating Hadley.  Plaintiff's reliance on Ewing is misplaced.  In Ewing, there was, in fact, a written letter to the warden of the prison that "provided essentially the same information required under [the NJTCA]."  Id. at *61-62. That letter, and a subsequent letter, gave the full name and address of plaintiff the time of the incident and officers involved, made clear plaintiff suffered severe and permanent injuries, and was mailed via certified mail; the Ewing court found the communication served the purposes of the NJTCA.  Id. ("the communications made Defendants aware of an incident for which they could be liable and gave enough detail for them to begin investigations and to find the correctional officers who were involved.  The nature and severity of Plaintiff's injuries also gave Defendants notice of potential damages so that they could inform the State.")

Plaintiff turns the pleading requirement under Rule 12(b)(6) on its head by asserting that "Defendants have not shown through

14

Plaintiff's [C]omplaint that Plaintiff failed to substantially comply with the statutory notice requirements. Rather, Plaintiff's Complaint suggests that she did comply with the notice requirement since she complained about Defendant Hadley's conduct to the Prosecutor's office and her complaint resulted in a criminal charge being filed on September 24, 2013." Pl.'s Br., Docket No. 31 at 5.

There is nothing in the Complaint that pleads compliance, and Plaintiff's efforts to amend her Complaint through her brief are not permitted. The most Plaintiff avers is that she "spoke with a prosecutor." Compl. at ¶ 55. This alone is insufficient. See Bellocchio, 16 F. Supp. 3d at 381 n.20 ("The Court finds Plaintiffs' pleadings insufficient to establish actual or substantial compliance with the TCA's notice requirements for causes of action against public entities.") Even if Plaintiff were to overcome the pleading hurdle by setting forth the details she communicated to the Prosecutor's office, the Complaint never alleges a writing. In short, as in Ingram and Platt, Plaintiff nowhere alleges in her Complaint that speaking to the Prosecutor's office contained the elements required under § 59:8-4 or that she otherwise complied with the NJTCA but for a technical defect. Thus, the reasoning employed in both Ingram

15

and <u>Platt</u> dictates a similar result here: the Complaint, as alleged, does not suffice to constitute substantial compliance with the NJTCA's provisions under the applicable case law.

iii) <u>Accrual</u>

Finally, in addition to the above arguments, Plaintiff contends that the NJTCA does not bar her claims at this juncture because the accrual date of such claims is not "cut and dry." Doc. No. 31 at 5.  She states that Plaintiff "could not have been expected to file a notice under the NJTCA in light of Defendant Hadley's continued threats and abuse of power.  Moreover, Plaintiff did not realize she was the victim of sexual assault by Defendant Hoffman until undergoing mental health therapy." <u>Id.</u> Plaintiff says nothing with respect to the accrual of her claims against the City in her opposition brief.  Plaintiff contends that such factual issues surrounding the accrual of her claim render a dismissal inappropriate at this stage.

In response, the Defendants argue that Plaintiff's argument runs counter to her own assertions in the Complaint, such as the fact that she participated in the criminal investigation in the fall of 2013, yet still failed to file a NJTCA notice.  Moreover, they state that other allegations asserted in the Complaint would have alerted a "reasonable person" exercising ordinary diligence

16

to potential claims – i.e., forced sexual acts and the
mishandling of confidential informant relationship.  Defendants
additionally argue that to the extent Plaintiff may assert she
was ignorant of the law, it is well settled that such ignorance
does not justify the tolling of an accrual date.  See Forcella v.
City of Ocean City, 70 F. Supp. 2d 512, 517 (D.N.J. 1999)
("Ignorance of the 90-day statutory requirement, ignorance of
one's rights or mere ambivalence by the claimant have never been
found to be sufficient reasons on their own to allow late
filing.").  Finally, Defendants contend that even if this Court
were to find that Plaintiff's claims could be tolled through the
entire time frame during which she alleges she was subjected to
unlawful conduct by Hadley, her final alleged interaction with
him occurred in May 2013, and more than one year has passed since
that encounter with no NJTCA notice.

Typically, a cause of action accrues either when the
plaintiff initially learned about the harm or when the harm
actually occurred.  Michaels v. New Jersey, 955 F. Supp. 315, 327
(D.N.J. 1996).  "The discovery rule provides that in an
appropriate case a cause of action will be held not to accrue
until the injured party discovers, or by an exercise of
reasonable diligence and intelligence should have discovered that

17

he may have a basis for an actionable claim." McDade v. Siazon, 208 N.J. 463, 478-79 (2011).

As an initial matter, the Court notes that the Complaint contains no allegations regarding Plaintiff's failure to appreciate the nature of the Defendants' alleged conduct at the time the acts were committed or regarding her mental health therapy, and it is well established that a Plaintiff cannot amend a complaint via an opposition brief. See e.g., Bell v. City of Phila., 275 F. App'x 157, 160 (3d Cir. 2008)("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). There are no facts alleged at this juncture which demonstrate the Plaintiff's claim would have accrued other than between January 15, 2013 and May 2013, Compl. at ¶¶ 45-47 & 56, and clearly both the applicable 90 day period and one year time frame for extraordinary circumstances have passed since those dates.

For the foregoing reasons, Defendants' motions to dismiss are granted, but without prejudice. Plaintiff shall be permitted to seek leave to file an amended complaint setting forth allegations of substantial compliance and delayed accrual within 21 days of this Opinion.

18

b) <u>Conspiracy Under 28 U.S.C. § 1985</u>

As currently pled, Plaintiff's allegations in Count IV fail
to adequately state a claim under 42 U.S.C. § 1985(3) for
conspiracy to deprive Plaintiff of her civil rights.  In order to
state such a claim under § 1985(3), a plaintiff must plead:

> (1) a conspiracy;
> (2) motivated by a racial or class based discriminatory
> animus designed to deprive, directly or indirectly, any
> person or class of persons to the equal protection of the
> laws;
> (3) an act in furtherance of the conspiracy; and
> (4) an injury to person or property or the deprivation of
> any right or privilege of a citizen of the United States.

<u>Livingston v. Borough of Edgewood</u>, 430 Fed. Appx. 172, 178 (3d
Cir. 2011)(citing <u>Lake v. Arnold</u>, 112 F.3d 682, 685 (3d Cir.
1997)).

The Defendants argue that Plaintiff has failed to set forth
any factual basis supporting the requisite class based
discriminatory animus or any facts supporting the conspiracy or
an act in furtherance of conspiracy.  Again, Count IV
conclusorily alleges that "Defendants conspired to violate the
civil rights of Plaintiff by targeting her for unwarranted
violence . . . ."  Compl. at ¶ 72.

In response, Plaintiff contends that she has adequately set
forth a conspiracy claim by alleging that Defendants Hadley and

Hoffman "conspired and agreed to violate Plaintiff's constitutional rights by working together to falsely arrest her . . . ." With respect to class-based animus, Plaintiff states contends that "Defendant Hadley was motivated to target women." Pl.'s Br. at 6.

While the well-pled allegations of the Complaint, read generously, may suffice to plead a conspiracy, see e.g., Compl. ¶ 26 discussing Hadley and Hoffman conferring before taking Plaintiff to the Police Department, they do not suffice to demonstrate the requisite class-based animus against women – i.e., "there is no factual basis from which to infer that any of the defendants knew of this prejudice, shared this prejudice or had the goal of conspiring against plaintiff due to this prejudice." Dayoub v. Aaron, No. 12-1770, 2013 U.S. Dist. LEXIS 127805, at *29 (E.D. Pa. Sept. 9, 2013). As such, the Court finds that Plaintiff has failed to plead facts sufficient to sustain the § 1985 claim and it will be dismissed without prejudice. Plaintiff will, however, have the opportunity to cure the deficiencies identified via leave to amend the Complaint within 21 days of this Opinion.

c) <u>Punitive Damages</u>

Finally, Defendant Egg Harbor City seeks to dismiss Plaintiff's punitive damages claim in Count V of the Complaint as the City is a only remaining cause of action against the City is asserted pursuant to 42 U.S.C. §1983, and punitive damages are not recoverable against a municipality.  Because Plaintiff does not contest this aspect of the motion, and it is well established that "a municipality is immune from punitive damages under 42 U.S.C. § 1983," <u>Smith v. Borough of Dunmore</u>, 633 F.3d 176, 183 (3d Cir. 2011), the Court will dismiss Count V against Egg Harbor City.


**IV.  Conclusion**

For the reasons set forth above, this Court will grant the Defendants' motions to dismiss.  Plaintiff shall have 21 days to cure the deficiencies outlined above.  An appropriate Order will issue this date.


                              <u>s/Renée Marie Bumb</u>
                              RENÉE MARIE BUMB
                              United States District Judge

Dated:      <u>June 23, 2015</u>

21